David T. Berry, #4196
BERRY & TRIPP P.C.
5296 South 300 West, Suite 200
Salt Lake City, UT 84107
Tel: (801) 265-0700
Fax: (801) 263-2487
E-mail: slc@berrytripp.com

Attorneys for Debtor Plaintiffs

---

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

---

| | |
|---|---|
| IN RE: **Jeffrey Charles Coon**<br>xxx-xx-7639<br>**Jenimarie Walker Coon**<br>xxx-xx-5988<br><br>Debtors, | : Case No. 10-37410<br>: Chapter 13<br>:<br>: Judge R. Kimball Mosier<br>: |
| **Jeffrey Charles Coon**<br>xxx-xx-7639<br>**Jenimarie Walker Coon**<br>xxx-xx-5988<br><br>**Plaintiffs,**<br><br>vs.<br><br>**Zions First National Bank**<br><br>**Defendant.** | : **COMPLAINT**<br>:<br>: **Adversary Proceeding**<br>:<br>:<br>:<br>:<br>: |

---

**COME NOW** Debtor Plaintiffs, Jeffrey Charles Coon and Jenimarie Walker Coon, by and through counsel, and do hereby Complain of Defendant Zions First National Bank as follows:

### JURISDICTION, VENUE & STANDING

1. This is an action brought in association with Chapter 13 Bankruptcy Case No. 10-37410 before this United States Bankruptcy Court for the District of Utah, Central Division. This is an action for avoidance of a consensual lien by Trust Deed upon Debtors' principal residence which is real property.

2. Jurisdiction exists under 28 U.S.C. §1334 and 28 U.S.C. §157.

3. Venue is proper before this Court pursuant to 28 U.S.C. §1409.

4. This is a core proceeding pursuant to 11 U.S.C § 506(a) and 506(d) and 28 U.S.C. §157(b)(2)(A), (E), and (N).

5. Plaintiffs are the Debtors in Bankruptcy Case No. 10-37410, which is a Chapter 13 case, and therefore Debtors have standing to bring this action pursuant to 11 U.S.C. §1303 and §§363(b), 363(d), 363(e), 363(f) and 363(l).

## FACTUAL ALLEGATIONS

6. Debtors filed the instant Chapter 13 Bankruptcy on December 16, 2010 (See Exhibit A - Petition, Notice of Commencement of Case, and Docket Sheet). In conjunction with their bankruptcy filing, Debtors filed schedules outlining debts and assets, including their primary residence, and exemptions claimed thereto.

7. The Debtor Plaintiffs' primary residence (374 S. Ginny Cir., Grantsville, Tooele County, UT) has a fair market value of $349,000.00 or less (see Exhibit B - Debtors' Schedules A and D; Exhibit E - Market Appraisal).

8. There exists a first position Trust Deed against the Debtors' primary residence dated March 24, 2009 in favor of Wells Fargo Home Mortgage, securing the amount of $406,439.51 (Exhibit C - 1st Trust Deed), which debt wholly and entirely surpasses the entire value of the residence, leaving all junior interests in the residence entirely unsecured.

9. Zions First National Bank asserts an entirely secured claim in the Debtors' principal residence by reason of a consensual lien by second position Promissory Note and Trust Deed dated May 21, 2010, in the amount of approximately $132,339.36. (See Exhibit D - 2nd Trust Deed). This obligation is wholly and entirely unsecured as there is no equity to which any portion of Zions First National Bank's claim can attach.

10. The Zions First National Bank Promissory Note of 5.21.10 that is secured in the debtors primary residence has additional security securing the Promissory Note of, but not limited to, debtors 2007 Honda Accord (title lien), and business equipment (Security Agreement and UCC-1).

### FIRST CAUSE OF ACTION - TRUST DEED STRIP

11. Each and every fact and allegation and paragraph set forth above is hereby included in and plead into each and every cause of action by this reference.

12. Debtors home has a maximum fair market value of $349,000.00, and there is a first position Trust Deed dated March 24, 2009 in favor of Wells Fargo Home Mortgage securing the amount of $406,439.51 (See paragraphs 7, 8 and 10 above and Exhibits B, C, and E hereto).

13. Creditor defendant Zions First National Bank's second position Trust dated May 21, 2010 filed upon Debtors' home in the amount of approximately $132,339.36 is entirely unsecured as there is absolutely no equity whatsoever to which any of the May 21, 2010 Trust Deed of Zions First National Bank can attach.

14. Zions First National Bank's Trust Deed dated May 21, 2010 (set forth in Exhibit D) is entirely unsecured and should be avoided and rendered null and void pursuant to 11 U.S.C. § 506(a) and §506(d) (and other applicable provisions of the Bankruptcy Code and Rules). Farha v. First American Title (In re Farha), 246 B.R. 547 (Bankr. E.D. Mich. 2000) (If a mortgage is completely unsecured, as opposed to under secured, the debtor may "strip off" the mortgage pursuant to 11 U.S.C. §506(d)); Tanner v. FirstPlus Finance, Inc., No. 99-11895 (11th Cir. July 13, 2000) ("the only reading of both Sections 506(a) and 1322(b)(2) that renders neither a nullity is one that first requires bankruptcy courts to determine the value of the homestead lender's secured claim under Section 506(a) and then to protect from modification any claim that is secured by any amount of collateral in the residence. ... any claim that is wholly unsecured, however, would not be protected from modification under Section 1322(b)(2). To hold otherwise would

3

vitiate the Nobelman Court's [Nobelman v. American Savings Bank, 508 U.S. 324 (1993)] pronouncement that debtor's 'were correct in looking to Section 506(a) for a judicial valuation of the collateral to determine the status of the bank's secured claim.'"); Domestic Bank v. Mann, BAP No. RI 99-059 (Bankr. 1st Cir. June 30, 2000)(Chapter 13 Debtors' wholly unsecured second mortgage is stripped under 11 U.S.C. §506); In re McDonald 205 F.3d 277 (3rd Cir 2000), cert. denied, 121 S.Ct. 66 (Chapter 13 Debtors' wholly unsecured second mortgage is stripped under §506(a)); In re Bartee 212 F.3d 277 (5th Cir 2000) (Chapter 13 Debtors' wholly unsecured second mortgage is stripped under §506(a) and the 5th Circuit states "... it stands to reason that valuation will control the determination of the mortgagee's security interest, i.e. whether is a secured or unsecured claim. ... In the case of a wholly under secured junior mortgage, the valuation function of Section 506(a) obviates the need to even consult Section 1322(b)(2)"); Harmon v. U.S. Through Farmers Home Admin. 101 F.3d 574 (8th Cir. 1996) (Chapter 13 Debtors' wholly unsecured second mortgage is stripped under §506(a)).

15. The Debtors' obligation to Zions First National Bank in this Chapter 13 Case (10-37410) (Exhibit D) in the amount of approximately $132,339.36 is not a secured claim, is only a general unsecured claim, and should be disallowed in its entirety as a secured claim but allowed in its entirety as a general unsecured claim.

16. The Trust Deed of Zions First National Bank dated May 21, 2010 (Exhibit D hereto) should be adjudged an unsecured claim, should be stripped and rendered null and void forever hereafter.

## PRAYER FOR RELIEF

**WHEREFORE**, having complained of defendant Zions First National Bank, Debtor Plaintiffs pray for relief against defendant as follows:

1. A declaratory Order from this Court stripping and otherwise invalidating and rendering the Trust Deed security interest of Zions First National Bank under that Trust Deed dated May 21, 2010 (Exhibit D hereto) to be entirely void and of no effect; and,

2. An Order finding that the Debtors' obligation to Zions First National Bank (Exhibit D hereto) is hereby rendered an entirely dischargeable unsecured claim.

DATED this  28  day of February, 2011.

/s/ Berry 2-28-11
David T. Berry, #4196
BERRY & TRIPP, P.C.
5296 South 300 West, Suite 200
Salt Lake City, UT  84107
Tel: (801) 265-0700
Fax: (801) 263-2487
Attorneys for Debtor Plaintiffs

Attachments:
Exhibit A:   Petition, Notice of Commencement of Case, and Docket Sheet
Exhibit B:   Debtors' Schedules A and D
Exhibit C:   Wells Fargo Home Mortgage's 1st Trust Deed dated March 24, 2009
Exhibit D:   Zions First National Bank's 2nd Trust Deed dated May 21, 2010
Exhibit E:   Market Appraisal